UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| ROY APPLEGATE,<br><br>Plaintiff,<br><br>V.<br><br>EASTERN KENTUCKY CORR. COMPLEX, et al.,<br><br>Defendants. | ) | Civil No. 15-74-HRW<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

Inmate Roy Applegate is confined at the Northpoint Training Center in Burgin, Kentucky. On September 24, 2015, the Court received a two-page letter from Applegate, which the Clerk docketed as a civil rights complaint pursuant to 42 U.S.C. § 1983. [D. E. No. 1]

In his complaint, Applegate alleged that on the evening of June 15, 2015, he was walking along the track at the Eastern Kentucky Correctional Complex ("EKCC") when he was struck from behind, hit with brass knuckles, and beaten for four minutes, resulting in severe injuries to the bones in his face and mouth. [D. E No. 1 at 1] Applegate alleged that he was taken to two outside hospitals for treatment, and was coughing up blood for three weeks after the attack, but that prison medical staff did not examine his mouth after he returned to custody.

Applegate sought $25 million in damages "because what happen to me." *Id.* at 2. Applegate also asked to be released from custody because he contends the conduct which precipitated his state criminal convictions did not violate federal law. *Id.* Applegate named only EKCC and the Kentucky Department of Corrections ("KDOC") as defendants. [D. E. No. 1 at 1]

On November 4, 2015, the Court granted Applegate *pauper* status, and conducted an initial screening of his complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. [D. E. No. 6] The Court concluded that Applegate's complaint was subject to dismissal for at least three reasons. First, he must seek release from custody through a petition for a writ of habeas corpus, not a civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"). Second, Applegate's complaint did not explain whether he was attacked by prison guards or by other inmates, and made no attempt to articulate a legal basis for his claims, therefore failing to set forth sufficient allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Third, Applegate named only EKCC and KDOC as defendants, two state agencies that the Eleventh Amendment immunizes from suit in federal court and which are not suable entities under § 1983. *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985);

*Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Court therefore afforded Applegate an opportunity to correct these deficiencies by filing an amended complaint, and provided him with form documents for this purpose. [D. E. No. 6 at 2-4]

Applegate filed an amended complaint on November 18, 2015 using the Court's complaint form. [D. E. No. 7] Applegate again named only EKCC and KDOC as defendants. *Id.* at 1. Applegate left the majority of the form blank, although he did clarify that he was "attack (*sic*) by 2 or 3 inmates." *Id.* at 2. Applegate also stated that he had filed no inmate grievances regarding the assault or his medical care. [D. E. No. 7 at 5]

The Court must conduct a preliminary review of Applegate's amended complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Applegate's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims

in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Applegate's amended complaint must be dismissed for two reasons.[1] First, while Applegate's allegation that he was attacked by other inmates at most suggests a claim that prison guards failed to protect him from the assault, Applegate does not actually make such a claim in his complaint. The Court is obligated to liberally construe a complaint filed by a person proceeding *pro se*, *Haines v. Kerner*, 404 U.S. 519, 596 (1972), but this does not extend so far as to require it to manufacture a claim out of whole cloth on the plaintiff's behalf. *Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). Thus, "[w]hile the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged." *Superior Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F.Supp.2d 140, 148 (D. Mass. 2003); see also *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Herman v. City of Chicago*, 870 F.2d 400, 404 (7th Cir. 1989) ("A district court need not scour the record to make the case of a party who does nothing.").

[1] Applegate's complaint is also likely subject to dismissal for failure to exhaust administrative remedies prior to filing suit as required by 28 U.S.C. § 1997e(a), but the Court does not reach that question upon initial screening.

In addition, to state a viable claim for failure to protect, an inmate must allege that a prison guard was deliberately indifferent to the plaintiff's risk of injury, *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990), by alleging that the prison guard was actually aware of a substantial risk that the plaintiff would be attacked and knowingly disregarded that risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Here, Applegate has not named any individual prison officer as a defendant in this action, nor made any allegation that such an officer possessed prior knowledge that Applegate was at risk of assault by inmates. Applegate's failure to make such necessary allegations establishes that his complaint fails to state an Eighth Amendment claim. Cf. *Graham v. Murtland*, No. 1:16-CV-149, 2016 WL 878041, at *3 (W.D. Mich. Mar. 8, 2016).

Second, Applegate has again named only EKCC and KDOC as defendants in this action, notwithstanding the Court's prior explanation that neither of those two state agencies are amenable to suit under § 1983 in federal court. *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Because Applegate's amended complaint fails to state viable claims under § 1983 against any named defendant, the Court must dismiss his complaint with prejudice.

Accordingly, **IT IS ORDERED** that:

1. Applegate's original and amended complaints [D. E. No. 1, 7] are **DISMISSED WITH PREJUDICE.**

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

This 27th day of April, 2016.

